1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
**For the Northern District of California**

*E-Filed 8/2/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JEANNE MARIE SOJA,                                  No. C 09-3348 RS (PR)

                    Petitioner,            **ORDER OF DISMISSAL**

        v.

TINA HORNBECK, Warden,

                    Respondent.

_____/

## INTRODUCTION

        This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state

prisoner.  For the reasons discussed herein, respondent's motion to dismiss the petition as

untimely (Docket No. 16) is GRANTED.  The petition is DISMISSED.

## DISCUSSION

**A.        Standard of Review**

        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which

applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of

limitations codified at 28 U.S.C. § 2244(d).  Federal habeas petitions must be filed within

one year of the latest of the date on which:  (1) the judgment became final after the

1    conclusion of direct review or the time passed for seeking direct review; (2) an impediment

2    to filing an application created by unconstitutional state action was removed, if such action

3    prevented petitioner from filing; (3) the constitutional right asserted was recognized by the

4    Supreme Court, if the right was newly recognized by the Supreme Court and made

5    retroactive to cases on collateral review; or (4) the factual predicate of the claim could have

6    been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen

7    a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the

8    AEDPA's one-year limitations period begins to run on the date the ninety-day period defined

9    by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

10   **B.     Claims**

11          The Court, after screening the petition, found two cognizable claims:  (1) petitioner

12   was denied the right to a fair and impartial judge; and (2) the trial court applied the

13   aggravated upper term in violation of petitioner's rights under the Fifth and Sixth

14   Amendments.

15   **C.     Timeliness of the Petition**

16          According to the petition, petitioner pleaded guilty on August 30, 2004 in the

17   Monterey County Superior Court to, among other charges, voluntary manslaughter and

18   kidnapping.  (Pet. at 2.)  Petitioner did not appeal her conviction.  (*Id.* at 3.)  On October 29,

19   2004 her conviction became final, when the time for filing an appeal, 60 days after the entry

20   of judgment, expired.  *See* Cal. Rule of Court 8.308(a).  Petitioner then had until October 30,

21   2005, one year after her judgment became final, to file a timely federal habeas petition.

22   Petitioner filed the instant federal habeas petition on July 21, 2009.  On this record, absent

23   tolling, the petition is barred by AEDPA's statute of limitations, § 2244(d), because

24   petitioner did not file her federal petition by October 30, 2005, i.e., within a year of the date

25   the state court judgment became final.

26

27

28

1

**C.     Statutory and Equitable Tolling**

2

**1.     Statutory Tolling**

3      For purposes of statutory tolling, the time during which a properly filed application for

4  state post-conviction or other collateral review is pending is excluded from the one-year

5  limitations period.  *See* § 2244(d)(2).

6      Again, petitioner had until October 30, 2005 to file a timely federal habeas petition.

7  Petitioner did not file her first state habeas petition until June 25, 2007.  (Respondent's Mot.

8  to Dismiss ("MTD"), Ex. 3 at 1.)

9      Petitioner is not entitled to statutory tolling.  A state habeas petition filed after

10  AEDPA's statute of limitations ended, such as the June 25, 2007 state habeas petition, cannot

11  toll the limitation period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

12  Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock

13  to zero); it can only serve to pause a clock that has not yet fully run.  "Once the limitations

14  period is expired, collateral petitions can no longer serve to avoid the statute of limitations."

15  *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).  Because petitioner filed her

16  first state habeas petition after the October 30, 2005 filing deadline, that petition cannot serve

17  to toll the limitations period.

18      Petitioner filed a request with the Monterey County Superior Court to modify her

19  restitution fine, a request the superior court denied on March 21, 2006.  (Ans., Ex. 1 at 1.)

20  (The record does not indicate when such request was filed.)  Petitioner contends that this

21  request constitutes a properly filed state habeas petition, and, accordingly, the limitations

22  period should be tolled during the time such request was pending.  (Petitioner's Opp. to MTD

23  ("Opp.") at 1–2.)  Petitioner's contention is unavailing.  Even if the request constituted a

24  properly filed state habeas petition, petitioner waited 461 days after the state superior court

25  denied her request, well more than a year, until June 25, 2007, to file her next filing with the

26  state superior court.  Any gap between the completion of one round of review and the

27  commencement of another round of state habeas review, does not qualify for tolling.

28  *Delhomme v. Ramirez*, 340 F.3d 817, 821 (9th Cir.2003).  Because this gap is itself more

No. C 09-3348 RS (PR)
ORDER OF DISMISSAL

United States District Court
For the Northern District of California

1    than 365 days, petitioner's 2007 state habeas petition does not serve to toll the limitations

2    period.  Petitioner, in short, is not entitled to statutory tolling.

3         Petitioner contends that her sentencing claim is timely because *Butler v. Curry*, 528

4    F.3d 624, 629 (9th Cir. (2008), declared that the rule announced in *Cunningham v.*

5    *California*, 549 U.S. 270 (2007) was retroactive, and therefore applies accordingly to her

6    sentencing claim.  (Opp. at 6.)  Petitioner's reliance on *Butler* is misplaced.  While

7    *Cunningham* claims are indeed retroactive and may be applicable to petitioner's claim, this

8    retroactivity does not provide a new date to start the limitations filing period.  Limitations

9    periods can start running from when:

10        (C)  the date on which the constitutional right asserted was initially recognized
     by the Supreme Court, if the right has been newly recognized by the Supreme
11        Court and made retroactively applicable to cases on collateral review; or

12        (D)  the date on which the factual predicate of the claim or claims presented
     could have been discovered through the exercise of due diligence.
13

14   28 U.S.C. § 2244.

15        Section (C) is inapplicable here because the Supreme Court has not found its holding

16   to be retroactive.  *See Dodd v. U.S.*, 545 U.S. 353, 358 (2005).  Section (D) is inapplicable

17   here because a favorable legal decision cannot function as a factual predicate.  *See Shannon*

18   *v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005.)  In sum, all claims, and therefore the

19   petition, are untimely, and must be dismissed, unless petitioner is entitled to equitable tolling.

20   **2.    Equitable Tolling**

21        Petitioner asserts she is entitled to equitable tolling because she did not receive her full

22   case file from her attorney until October 2007, she has little or no legal knowledge, and she is

23   allowed little time in the prison law library, in which there are few services and only

24   damaged and unusable legal materials.  (Opp. at 5 & 10–11.)

25        The Supreme Court has determined that § 2244(d), AEDPA's statute of limitations, is

26   subject to equitable tolling in appropriate cases.  *Holland v. Florida*, No. 09-5327 slip op. 1,

27   12 (June 14, 2010) (holding that equitable tolling may be applicable to extraordinary instance

28   of attorney misconduct far greater than "garden variety" or "excusable neglect" where

United States District Court
For the Northern District of California

No. C 09-3348 RS (PR)
ORDER OF DISMISSAL

1  petitioner exhibited "reasonable diligence" in pursuing his rights and remanding case for

2  detailed determination of circumstances).  In *Holland*, the Supreme Court relied on the

3  standard set forth in its earlier decision in *Pace*, that "made clear that a 'petitioner' is

4  'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights

5  diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

6  timely filing."  *Id.* at 16–17 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)); *Miles v.*

7  *Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a

8  petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling

9  of the statute of limitations may be appropriate.")

10  Petitioner has not shown that some extraordinary circumstance stood in her way, and

11  therefore fails to demonstrate an entitlement to equitable tolling.  By failing to demonstrate

12  that she diligently pursued the retrieval of her file, or that her attorney was in error in not

13  sending it to her earlier, she has not been able to link the delay in receipt of that file until

14  2007 as a basis for equitable tolling.  Even if attorney error occurred, unless such error is

15  egregious, it is not a sufficient basis for granting the extraordinary relief of equitable tolling.

16  *See Majoy v. Roe*, 296 F.3d 770, 776 n.3 (9th Cir. 2002) (holding petitioner not entitled to

17  equitable tolling; noting petitioner's "attempt to place blame on his previous attorney and to

18  assign his reliance on that attorney having made timely filing 'impossible' falls short of the

19  circumstances required to engage this exception"); *see also Miranda v. Castro*, 292 F.3d

20  1063, 1066– 67 (9th Cir. 2002) (finding attorney's negligence in calculating filing deadline

21  does not meet standard for equitable tolling).  Furthermore, petitioner's assertion that she

22  cannot competently file a habeas petition is heavily undermined by her filing multiple

23  petitions in the state courts.

24  Nor is a *pro se* petitioner's lack of legal sophistication itself an extraordinary

25  circumstance warranting equitable tolling.  *See Rasberry v. Garcia*,448 F.3d 1150, 1154 (9th

26  Cir. 2006).  Furthermore, from the record of her multiple filings in state court, it does not

27  appear that petitioner's lack of legal knowledge prevented her from pursuing her legal rights.

28

1   Similarly, petitioner's allegation of inadequate legal research facilities is unavailing.

2   Again, petitioner's record of her multiple filings in state court, and the legal arguments she

3   advances in her filings in this Court, indicate that petitioner possesses sufficient legal

4   knowledge, or has sufficient access to legal materials, to pursue her legal rights.  Petitioner,

5   in short, has not shown that some extraordinary situation prevented her from timely filing a

6   federal habeas petition.  Consequently, having taken into account all of the above

7   circumstances, the Court finds petitioner has not shown she is entitled to the "extraordinary"

8   relief of equitable tolling.  Accordingly, the Court will grant respondent's motion to dismiss.

9   ## CONCLUSION

10   Respondent's motion to dismiss the petition as untimely (Docket No. 16) is

11   GRANTED.  Accordingly, the petition is DISMISSED.  Judgment will be entered in favor of

12   respondent.

13   A certificate of appealability will not issue.  Petitioner has not shown "that jurists of

14   reason would find it debatable whether the petition states a valid claim of the denial of a

15   constitutional right and that jurists of reason would find it debatable whether the district court

16   was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

17   This order terminates Docket No. 16.

18   The Clerk shall enter judgment in favor of respondent, terminate all pending motions,

19   and close the file.

20   **IT IS SO ORDERED**.

21   DATED: July 30, 2010

RICHARD SEEBORG
United States District Judge

*Left margin:* **United States District Court**
For the Northern District of California

No. C 09-3348 RS (PR)
ORDER OF DISMISSAL